## BASHARA v. SARATOGA INDEPENDENT SCHOOL DIST.

### No. 3886.

Court of Civil Appeals of Texas. Beaumont.
July 15, 1941.

Rehearing Denied Sept. 17, 1941.

James F. Parker, of Kountze, for appellant.

H. A. Maynard, of Liberty, for appellee.

O'QUINN, Justice.

In district court of Hardin County, on the 8th day of January, 1941, on trial to the court without a jury, judgment was entered in favor of appellee, Saratoga Independent School District, plaintiff below, against appellant, Sam F. Bashara, defendant below, for the sum of $466.41 "for taxes, interest, penalties and costs" for the years 1934–38, on 136.66 acres of land out of the J. B. Reeves survey within appellee's corporate limits in Hardin County, "all of the taxes now due and assessed against the above described property for the years above mentioned for all of the taxing units within said Hardin County."

Appellant presents the following propositions of error against the judgment:

■ (1) The assessment of his land at $50 per acre was grossly in excess of the value placed on other land similarly situated in violation of Art. 8, Sec. 1, of our State Constitution, Vernon's Ann.St. The evidence does not sustain this proposition. Appellant's land was in wild cat oil territory, and its value was fixed by the court on its relation to the salt dome, the farther from the dome the less the value of the land. On certain land near this dome the Sun Company was assessed at $25 per acre; on other land near the dome at $500 per acre.

J. W. Teel, tax assessor and collector, testified (Q. & A. reduced to narrative): "In placing the values on the land the Commissioners' Court considered each individual tract; where the land laid as to its value, how far from the dome. Then they hit whoever happened to own that spot, that number of acres to that value. The land north of Mr. Bashara's land goes farther away from the dome and carries a lower value than the land south of it. There are several other smaller tracts there—the Board investigated each of these tracts and considered the value of each of them. In placing a $10.00 value on an 88½ acre tract and a $25.00 value on an 88½ acre tract immediately south of it—the Board placed that value on the facts as they understood the valuation based on the productions that were in the past and the possible productivity of these tracts as near as they could arrive at them. The Board did not at any time through all these years arbitrarily value Mr. Bashara's land, nor did they value his land in any different manner than they did anybody else's. In arriving at the value of his land and the land south of him and adjoining him—that was a just and honest exercise of their very best judgment. They used their very best judgment and figured on that at every angle; there is no doubt in my mind on that point, because I was with them. They tried to get an accurate valuation, treating all as fairly as they knew how."

Appellant did not render his property for any of the years here involved although notified of the board meetings. He never at any time offered any evidence of any character to assist the Board in arriving at a value; he refused to pay his taxes because, in his judgment, the value of his property was in excess of the value fixed on the property of his neighbors.

The property of some of his neighbors was assessed at a higher value and some at a smaller value than his property. Appellant testified (Q. & A. reduced to narrative).: "I didn't go down to those boys at the Saratoga Independent School District and tell them what you have said here. I haven't told them my property was not worth that much money; I haven't told them anything. I wanted to pay what my neighbor was paying; wasn't a question of the valuation; I just wanted to pay what my neighbor was paying. I didn't complain to them that the value on my property was too high; it was not up to me to put a valuation; they wouldn't accept it; what I wanted to pay was exactly what my neighbors pay. I didn't try to show them my property was not as valuable—I could not do that, because I tell you they—nobody knows value until we get oil out of it. I didn't get the idea that they fixed the value on my property because they wanted to be mean or arbitrary; oh, no, I am not going to say that. I have no ill feeling toward no one, I don't care who he is; I want to live right and do right by everybody. I don't care what his color is."

On the evidence, the taxing authorities made an honest effort to tax appellant's property on a fair basis. They fixed the values of all property in that section on its relation to the salt dome. Wild cat oil property has an indefinite, or uncertain, value—in the language of appellant, "nobody knows value until we get oil out of it."

Appellant had his day in court. The testimony, pro and con, was heard by the able trial judge, and he found no constitutional discrimination. A review of the testimony convinces us that the trial court's conclusion is supported by the evidence.

■ Appellant insists that appellee, as plaintiff, failed to prove that any taxes were due on the land in controversy for the years 1934–38. This contention is overruled. Appellee offered in evidence the delinquent tax rolls which showed the amount of taxes due, being the amount sued for, and as found by the court. There was no evidence of payment, and no evidence that a tax receipt had been issued against any of the taxes sued for; appellant did not even plead payment. That receipt numbers had been given to the various accounts did not support ap-

pellant's contention that the taxes had been paid.

Appellee pleaded that appellant was the owner of the 136.66 acres of land in issue, and in its petition referred to the deed to appellant from a Mrs. Baker. On the face of her deed to appellant, Mrs. Baker reserved two-thirds of a one-eighth royalty in 100 acres of the land. Appellant makes the point that the court erred in assessing against his interest in the land the taxes due on all the land, on the assessed value of $50 per acre. The judgment in this respect was not erroneous. The interest of each co-owner of a tract of land is liable for the taxes assessed against the entire tract, and suit may be maintained against each co-owner, or all of them, for all the taxes assessed against the entire tract of land. Elemendorf v. City of San Antonio, Tex.Civ.App., 223 S.W. 631; Underwood et al. v. Pigman et al., Tex.Com.App., 32 S.W.2d 1102. The taxing authorities did not know, at the time these assessments were made, that Mrs. Baker had an interest in the royalty; they had not examined her deed to appellant on that issue. In subsequent assessments, appellant was assessed only to the extent of his interest in the property.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.