SAM F. BASHARA V. SARATOGA INDEPENDENT SCHOOL DISTRICT.

No. 7913.   Decided June 24, 1942.
Rehearing overruled July 22, 1942.
(163 S. W., 2d Series, 631.)

*James F. Parker*, of Kountze, for plaintiff in error.

It was error for the court to hold that the defendant was personally liable for all of the taxes on all the land even including the portion he did not own. Federal Royalty Co. v. State, 42 S. W. (2d) 670; Hager v. Stakes, 116 Texas 453, 294 S. W. 835; Smithey v. Shambaugh, 126 Texas 396, 88 S. W. (2d) 475.

*H. A. Maynard*, of Liberty, for defendant in error.

Assessment for taxes against land as a unit is a debt against the thing and each cotenant is liable for all the debt to the extent of his partnership interest, with the right of contribution from the other cotenants. Elmemdorf v. City of San Antonio, 223 S. W. 631; Baldwin v. Hull-Daisetta Ind. Sch. Dist., 95 S. W. (2d) 1350; Baldwin v. State, 95 S. W. (2d) 1354.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

This is an appeal from a judgment recovered by respondent, Saratoga Independent School District, against petitioner, Sam F. Bashara, for taxes alleged to be due on 136.66 acres of land in Hardin County, Texas, for the years 1934, 1935, 1936, 1937, and 1938, with interest, penalties and costs, and for foreclosure and order of sale. Upon appeal by Bashara to the Court of Civil Appeals, at Beaumont, the judgment of the trial court was affirmed. 153 S. W. (2d) 1006.

Bashara's appeal is before us on two points of error, but it is necessary to consider only the first, which is that the Court of Civil Appeals erred in holding him personally liable for all taxes due respondent on the land, including a portion which he had never owned.

In its petition respondent described the land, in part, by reference to "a deed from Annie M. Baker, Exr. to Sam F. Bashara, dated July 24, 1930, and recorded in Volume 117, page 410 deed records Hardin County, Texas." In that deed Mrs. Baker, individually and as independent executrix of the estate of J. W. Baker, deceased, conveyed 100 acres of the 136.66 acres against which taxes are claimed to be due, but expressly reserved and excepted from the effect of the conveyance "2/3 of a 1/8 royalty interest in all oil, gas, or other minerals" which might thereafter be produced from the land conveyed. In his answer Bashara specially pleaded this royalty reservation by Mrs. Baker and asserted that he was not chargeable with any taxes due thereon because, to that extent, he was not the owner of the property taxed.

The delinquent tax records of respondent showed that the entire estate in the 136.66 acres was assessed on the unrendered rolls as the property of Bashara for $68.35 on a total valuation of $6835. for each of the five years in suit, while for the year 1939 Mrs. Baker's royalty interest was deducted from the valuation at a figure of $230.00 leaving the valuation of Bashara's interest at $5920. Mrs. Baker paid taxes on her reserved royalty for the year 1939 but not for the years in suit.

The deed from Mrs. Baker to Bashara created two interests in the 100 acres of land covered thereby, one in Mrs. Baker, the other in Bashara. Mrs. Baker's interest was as much subject to taxation as was Bashara's. Sheffield v. Hogg, 124 Texas, 290, 77 S. W. (2d), 1021; State v. Dowman (Civ. App.), 134 S. W., 786 (er. ref.) ; Downman v. State, 231 U. S., 353, 34 Sup. Ct. 62, 58 L. Ed. 264; 26 R. C. L., p. 361, sec. 319. The deed creating the two interests was recorded July 25, 1930, the day after its execution and approximately four years before the entire estate in the 100 acres, the interest of Mrs. Baker as well as that of Bashara, was assessed for taxes as against Bashara. The law imputed to the attorney who brought this suit, as well as to the taxing officials of respondent district, knowledge of the contents of this deed. Underwood et al v. Pigman et al (Com. App.), 32 S. W. (2d), 1102 (expressly approved by the Supreme Court). Moreover, since the record shows that the respondent assessed Mrs. Baker's royalty interest for the year 1939 before this suit was filed, a fair inference is raised that its officers had actual knowledge of the facts at least during part of the period for which they assessed the entire estate as the property of Bashara. Under these

circumstances, can this court approve a procedure the effect of which is to render a personal judgment against one citizen for taxes due on property which the taxing authorities knew (or could have known) belonged to another citizen? The question answers itself. See Williamson v. City of Eastland (Civ. App.), 65 S. W. (2d), 774. Such a conclusion could neither be justified nor excused. The amount involved is small, but the principle is as large as our concept of government. It is the high duty of every citizen to pay lawful taxes legally assessed against property he owns because in doing so he helps to maintain the institutions of this country. But for the courts to uphold an attempt by any taxing arm of government to make him pay taxes on property he does not own and never did own, with knowledge that he does not own it and never did, would all but destroy the citizen's incentive to pay taxes. At least it would relieve him of any feeling that he had performed a patriotic duty in doing so. That the policy of this State is to the contrary is proved by the rule that one buying property against which taxes are delinquent does not become personally liable therefor in the absence of express assumption. City of San Antonio v. Toepperwein, 104 Texas, 43, 133 S. W., 416. And see Smithey et al v. Shambaugh, 126 Texas, 396, 88 S. W. (2d) 475.

We think Justice Greenwood decided the question when he said, in Hager et al v. Stakes, Tax Collector et al, 116 Texas 453, 294 S. W., 835, "Real estate is ordinarily taxed as a unit. Yet, where there have been severances by conveyance, execution or reservation, so that one portion of the realty belongs to one person and other portions to others, each owner should pay taxes under proper assessment against him of the portion owned by him. The fact that a portion may consist of minerals or of a fractional interest therein makes no difference." Since respondent's officials possessed either the knowledge or the means of knowledge that Mrs. Baker owned a taxable interest in the 100 acres, their action in rendering the entire interest for taxes against Bashara was arbitrary, illegal and void. It was their duty under proper assessment to seek from Mrs. Baker the taxes justly due on the interest owned by her and from Bashara only those justly due on the interest owned by him. Therefore, we hold the assessments for the years 1934 to 1938, both invlusive, were void.

Since they are void the district court has neither jurisdiction nor power to revalue and reassess the property so as to render

judgment for the taxes, the power of the assessor and board of equalization in that regard being excluive. Therefore, the judgments of the courts below are reversed and here rendered for petitioner, but without prejudice to the rights of respondent to reassess the interest of petitioner in the lands in question and to collect the taxes due thereon in accordance with Chapter 11, Title 122, R. S. 1925, and other applicable statutes. State v. Richardson, 126 Texas 11, 84 S. W. (2d) 1076.

Reversed and rendered.

Opinion adopted by the Supreme Court June 24, 1942.

Rehearing overruled July 22, 1942.