## LEONARD v. STATE et al.
### No. 12295.

Court of Civil Appeals of Texas.
San Antonio.
June 27, 1951.

Rehearing Denied Sept. 5, 1951.

Emmett B. Cocke, San Antonio, for appellant.

Vinson, Elkins & Weems, Earl Brown, Jr., Houston, John F. May, Tom Smiley, Karnes City, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by the State of Texas on behalf of itself, Karnes County and other taxing units of that county, for the recovery of $1,259.43, alleged delinquent taxes on a tract of land containing 100 acres out of the Carlos Martinez Grant in Karnes County, Texas. The taxes were assessed against Emmett B. Cocke, who filed a disclaimer. Another defendant, P. T. Leonard, was shown to have purchased this land after January 1, 1940, and Union Producing Company, another defendant, was shown to hold an oil and gas lease on the 100 acres. The trial was before the court without the intervention of a jury and first resulted in judgment for the plaintiff as prayed for. However, on motion of Union Producing Company, the court corrected his original judgment by entering,

on the 15th day of May, 1950, a nunc pro tunc judgment wherein no personal judgment was taken against the Union Producing Company, as it had paid all taxes assessed against it since purchasing the oil and gas lease. From this judgment P. T. Leonard has prosecuted this appeal.

■ Appellant's first contention is that the trial court erred in granting a personal judgment against him for taxes which accrued prior to January 1, 1941. We sustain this point. The defendant was not personally liable for taxes prior to the time that he purchased the property, and while the property is subject to a lien for all past due taxes the present owner is not personally liable for taxes which were assessed against the property prior to the time he purchased it.

 Appellant's next point is that the tax collector of Karnes County issued a certificate showing that there was due against the property a much smaller sum than was herein sued for and that by issuing this certificate the county was estopped to claim delinquent taxes in any sum greater than that set out in the certificate. In support of this contention appellant cites the case of State v. Davisson, Tex.Civ.App., 280 S.W. 292, which seems to support his contention, however this opinion has not been followed by our courts and was in effect overruled in City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308. We overrule this point.

 Appellant's next point is that all delinquent taxes due to the school district and the road district which accrued more than ten years before the bringing of the suit were barred by the provisions of Article 7298, Vernon's Ann.Civ.Stats. We sustain this point. The provisions of this article clearly bar any suit for the collection of taxes on the part of a school district or a road district after they have been delinquent for more than ten years. Cook v. City of Booker, Tex.Civ. App., 167 S.W.2d 232.

 Appellant's last point is that the court erred in granting the motion of Union Producing Company for a judgment nunc pro tunc, because it was entered without notice to him. We overrule this contention. This nunc pro tunc judgment was entered in keeping with the provisions of Rules 316 and 317, Texas Rules of Civil Procedure. These rules provide for notice to the opposite party. The opposite party in this case was the State of Texas. The State of Texas was present through its representative at the hearing of the motion and is not here complaining of the action of the court.

However, if there was such a conflict between the interest of P. T. Leonard and the Union Producing Company as to constitute Leonard an opposing party, appellant has failed to show wherein he was injured by a failure to receive notice of the motion to enter judgment nunc pro tunc. The action of the court in granting the judgment nunc pro tunc was nothing more than a correction of his former judgment to make it speak the truth, and after the judgment was granted Leonard appeared and presented his motion for a new trial and failed to show that he had been in any way injured by the entry of judgment nunc pro tunc. Wright v. Longhorn Drilling Corp., Tex.Civ.App., 202 S.W.2d 285.

 In this connection, appellant contends that when he executed an oil lease to E. F. Dahme in the fall of 1942, Dahme agreed to pay all delinquent taxes on the 100-acre tract, which he never did. Appellant, Leonard, now says that he is informed and believes that when Dahme transferred this oil and gas lease to the Union Producing Company it agreed to pay these delinquent taxes, and that if this be true he would be entitled to a judgment over and against the Union Producing Company for such sums as he might be required to pay by reason of this suit. However, appellant does not show that he has any evidence establishing the fact that Union Producing Company did in fact assume this obligation when it purchased the oil lease. Appellant does not show that he used due diligence to discover this evidence prior to the time he went to trial, nor that at the present time he could establish this fact if given a new trial.

Under such circumstances the requirement with reference to newly discovered evidence has not been met and appellant has not shown himself to have any rights by reason of this contention.

For the reasons above stated, the judgment of the trial court will be reversed and the cause remanded with instructions to the trial court to enter a corrected judgment herein in keeping with this opinion.

Reversed and remanded with instructions.