## HENSON v. CITY OF CORPUS CHRISTI.

### No. 12531.

Court of Civil Appeals of Texas. San Antonio.

April 29, 1953.

Rehearing Denied May 27, 1953.

Faires P. Wade, Corpus Christi, for appellant.

I. M. Singer, City Atty., and J. F. Park, Asst. City Atty., Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by the City of Corpus Christi against Owen Henson, d/b/a Henson Motor Company, seeking to recover a judgment for personal property taxes assessed against Owen H. Henson for the year 1947 and for each year thereafter up to the date of judgment.

The City of Corpus Christi filed a motion for summary judgment and attached thereto an affidavit of the City Tax Assessor. The defendant Henson filed his motion to deny plaintiff's motion for summary judgment and attached thereto his affidavit. A hearing was had on September 26, 1952, upon plaintiff's motion for summary judgment. The defendant's contention at this hearing was that he did not own the personal property at the time these taxes were assessed against him, and that therefore plaintiff was not entitled to any personal judgment against him for said taxes. The trial judge took the case under advisement and on approximately October 14, 1952, rendered a personal judgment against the defendant in favor of plaintiff, from which judgment Owen Henson has prosecuted this appeal.

The affidavit filed in the trial court by appellant omitting the formal parts, reads as follows: "that he is not the owner of the Rankin Tract described in Paragraph II of the petition of the Plaintiff, City of Corpus Christi; that said petition describes no property which is owned by this affiant and describes no property which this affiant has owned at any time heretofore."

The question here presented is whether or not appellant's affidavit was sufficient to raise a genuine fact issue to be heard and determined at a trial on the merits of the case. It is conceded by both sides that if this affidavit was sufficient to raise such issue, that a summary judgment would not be proper.

The effect of appellant's affidavit was to deny that he ever at any time owned any of the property described in appellee's petition. It is clear that before a personal judgment can be taken against a defendant for delinquent taxes it must be shown that

such defendant was the owner of the property at the time the tax was assessed against the property, or had assumed the payment of such taxes. Art. 7329, Vernon's Ann.Civ.Stats.; Norton v. Cass County, 5 Cir., 115 F.2d 884; Williamson v. City of Eastland, Tex.Civ.App., 65 S.W.2d 774; Bashara v. Saratoga Ind. School Dist., 139 Tex. 532, 163 S.W.2d 631; Leonard v. State, Tex.Civ.App., 242 S.W.2d 199; Stone v. City of Dallas, Tex.Civ.App., 244 S.W.2d 937.

■ Appellant's affidavit was sufficient to raise the very important issue of ownership of the property against which the taxes were levied and thus a genuine issue as to a material fact was raised, requiring a trial upon the merits of the case and a denial of a summary judgment. Volume 4, McDonald's Texas Civil Practice, § 17.26, at page 1380.

Appellee contends that the statement contained in appellant's affidavit is nothing more than a conclusion and not a statement of any fact which would be admissible at the trial of the case upon the merits, and that it was therefore insufficient to defeat a summary judgment. The affidavit is meager and a long way from full and complete, but it does say, in effect, that appellant does not now and never has, at any time, owned the property described in appellee's pleadings. It occurs to us that this is about all he could say. He would not be required to go to great length to show that he had not acquired the property in the numerous ways in which one acquires property. The rule might be a different one if the statement was that he did *own* the property. He could then state just how and when he acquired it.

Appellee in support of its contention cites the cases of Ballew v. Casey, Tex.Sup., 9 S.W. 189, Scott v. Witt, Tex.Civ.App., 41 S.W. 401, and National State Bank of Mt. Pleasant v. Ricketts, Tex.Civ.App., 152 S.W. 646. The Ballew-Casey and the Scott-Witt cases relate to the question of separate property, or community property of a husband and wife. Whether or not property is separate property of one of the spouses or the community property of both is determined by how and when such property was acquired, and it is readily understood why in such cases the court would not permit one spouse to testify that the property was owned by the other spouse, but nothing of this kind is involved in the case at bar. In the Bank-Ricketts case the question under investigation was whether the notes sued upon were transferred after maturity. The court properly excluded testimony to the effect that the notes were *owned* by plaintiff since a certain date. As pointed out above, there is quite a difference between testimony that one *owns* property and that one *does not own* property. If he owns the property he can state the facts as to how he acquired title thereto, but if he does not own property he should not be required to state all the facts by which he did not acquire title.

The trial court in this case should have overruled appellee's motion for summary judgment and have set the case for a trial upon the merits.

The judgment is reversed and the cause remanded.