**CITY OF LUBBOCK, Appellant,**

v.

**Lee R. RAGLAND, Appellee.**

No. 6473.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 21, 1955.

Rehearing Denied March 21, 1955.

Vaughn E. Wilson, City Atty., Lubbock, for appellant:

Campbell & Brock, Lubbock, for appellee.

PITTS, Chief Justice.

This is an appeal from a judgment denying recovery upon a petition filed by appellant, City of Lubbock, seeking a personal judgment against appellee, Lee R. Ragland, for delinquent taxes together with penalty and interest thereon. The judgment was rendered upon a peremptory instruction given the jury as a result of appellee's motion seeking such, from which judgment appellant perfected an appeal.

Appellant predicates its appeal upon one point of error complaining because the trial court refused to admit in evidence over appellee's objections a sworn copy of a part and portion of the City's delinquent tax rolls showing delinquent taxes on personal property against H. C. Ragland and L. R. Ragland for the years 1930 through 1933, both inclusive, for taxes in the total sum of $170.50. Appellant's amended original petition upon which it went to trial sought recovery for delinquent taxes against Lee R. Ragland only, for the years 1930 through 1936, both inclusive, in the total sum of $186.16 together with penalty and interest thereon.

When the sworn copy of a portion of the delinquent tax rolls above referred to was offered in evidence by appellant, appellee objected on the grounds that the instrument offered revealed taxes assessed for the years stated against both H. C. Ragland and L. R. Ragland, while appellant sought recovery of the entire amount against L. R. Ragland only, thus showing a variance between the pleadings and the proof tendered, on the further grounds that a taxing authority is required in such cases to make party defendants all persons who owned or claimed an interest in the property assessed, and on the further grounds that the delinquent tax rolls themselves would be the best evidence and not a purported copy of a part and portion of such, which copy would be hearsay. The trial court sustained appellee's objections and such is the sole grounds upon which appellant seeks a reversal of the trial court's judgment.

It is an elementary rule of law that a material variance between a party's pleadings and the proof offered in support thereof concerning material matters or issues is fatal when challenged.

Article 7297, Vernon's Ann.Civ.St., provides in part:

"All suits brought under this article for the recovery of taxes due on personal property shall be brought against the person or persons who owned the property at the time such property should have been listed or assessed for taxation."

In the case at bar, appellant was seeking a personal judgment against Lee R. Ragland alone for delinquent taxes on personal property owned by both H. C. Ragland and L. R. Ragland at the time such property was assessed for taxes, according to its own proof tendered. The record likewise reveals that H. C. Ragland had customarily rendered for city taxes the property that belonged to himself and L. R. Ragland. Appellant was not seeking recovery against the two owners of the property as a partnership or against L. R. Ragland only for his share of the taxes. Appellant was seeking a personal judgment against L. R. Ragland for alleged taxes shown to be due and owed not only by himself but in part by H. C. Ragland and appellant knew such to be true, since the evidence tendered showed such to be true. Such a procedure was condemned by the court in the case of Bashara v. Saratoga Independent School District, 139 Tex. 532, 163 S.W.2d 631, 633. The court there said in part:

"* * * can this court approve a procedure the effect of which is to render a personal judgment against one citizen for taxes due on property which the taxing authorities knew (or could have known) belonged to another citizen? The question answers itself. See Williamson v. City of Eastland, Tex. Civ.App., 65 S.W.2d 774. Such a conclusion could neither be justified nor excused."

Appellant cites and relies on the case of Baldwin v. Hull-Daisetta Independent School District, Tex.Civ.App., 95 S.W.2d 1350. That case is distinguishable from the one at bar in several respects. That was a suit to foreclose a tax lien on a part of realty without naming as parties to the suit two minors who owned an interest in the property but had not come into possession of the same. The interest of the minors was before the court, however, through independent executors of a will, named as parties thereto. The separate interests of all owners were before the court and the rule of charging the percentage of interest of each owner against him was there recognized by the court. However, the assessment of taxes having been made against the estate of Jacob C. Baldwin, deceased, over which an administration was pending, the taxes were charged against the whole of the property making the same subject to judgment, foreclosure and sale. The respective interests of all owners of the property were there before the court in a suit for taxes against realty and the foreclosure and sale, if need be. While in the case at bar, a personal judgment is sought against only one of the property owners for all of the delinquent taxes against personal property assessed against him and another who

was not made a party to the suit and was not therefore before the court.

Concerning the introduction as evidence of a sworn copy of a part of the delinquent tax rolls, it has been held that the delinquent tax rolls themselves, or a certified copy of such rolls, constitute the best evidence, and not a sworn copy of a part of such. Sparks v. State ex rel. Saltillo Independent School District, Tex.Civ.App., 27 S.W.2d 918; Freeman v. State, Tex.Civ. App., 199 S.W.2d 301.

In our opinion, for the reasons stated, the trial court properly excluded the instrument in question offered in evidence by appellant and objected to by appellee. Appellant's point to the contrary is overruled and the judgment of the trial court is affirmed.