**THE ATTORNEY GENERAL**
**OF TEXAS**
AUSTIN 11, TEXAS



WILL WILSON
ATTORNEY GENERAL

April 25, 1958

Honorable Davis Bailey
County Attorney
Panola County
Carthage, Texas

Opinion No. WW-421

Re: Whether or not County
Assessor and Collector
of Taxes may lawfully
collect taxes, penalty
and interest from true
owner of property when
property has been as-
sessed in name of
deceased former owner.

Dear Mr. Bailey:

We quote from your request for an opinion as follows:

"Prior to 1947, Mrs. H. T. Dwyer owned and
rendered for taxes 50 acres of land in the
Elizabeth Lewis Survey, Abstract No. 385, Panola
County, Texas; and Mrs. Dwyer died intestate;
and the Tax Assessor of Panola County, Texas,
without knowing that fact, continued to assess
this property to her, and in her name, through
1957. In that same year, 1947, the heirs of
Mrs. Dwyer sold the property to A. G. Cassity
and F. H. Markey, who never rendered the proper-
ty for taxes. In 1954, Markey sold his interest
to Cassity, and recently, Cassity sold the land
to L. F. Wedgeworth, Sr. The Tax Assessor-
Collector advised that the present owner offers
to pay the taxes, but refuses to pay the penalty
and interest. Although said land has been ren-
dered by the Assessor-Collector in the former
owner's name, the tax rolls carrying such assess-
ments have been approved through all of the years
by the Commissioners' Court; and I also under-
stand that during all of the years, said proper-
ty taxes were not paid, said property has been
entered on the delinquent roll, and such delin-
quent roll has likewise been approved by the
Commissioners' Court. It seems that Mr. Wedge-
worth offers to pay the taxes on the supplemen-
tal roll, or on the unrendered roll, but does
not desire to pay the penalty and interest ac-
crued from the last payment of taxes in about

1947.  Mr. Wedgeworth contends that the assess-
ment against Mrs. H. T. Dwyer is illegal, because
she did not own any property in the Elizabeth
Lewis Survey during the year from 1947 through
1957.

"QUESTION:  Whether or not the Assessor and
Collector of Taxes may lawfully collect penalty
and interest from the present owner, L. F.
Wedgeworth, from 1947, when the last taxes were
paid, for all of the delinquent years up to date."

### PROCEDURE FOR RENDITION AND ASSESSMENT

All property not exempt from taxation which is owned or
held on January 1 must be rendered for assessment between
January 1 and April 30 of each year.  Article 7151, V.A.C.S.
While it is contemplated that voluntary renditions of prop-
erty are to be made, there are detailed provisions which
require the assessor to call at the office, place of busi-
ness, or residence of each owner for the purpose of secur-
ing a list of taxable property.  Articles 7189, 7191,
V.A.C.S.  The assessor is further required to take the
initiative and prepare a list of all property which is not
rendered to him and assess it for taxation in the name of
the owner, or, if appropriate, in name "unknown."  Articles
7193, 7205, 7208, V.A.C.S.  The assessor is to be furnished
abstracts of all lands in his county by the Land Office and
is required to list for taxation all land so shown to be
within the county.  Articles 7194-7202, V.A.C.S.

### ERRONEOUS ASSESSMENT

Article 7171, V.A.C.S., provides that "All real prop-
erty subject to taxation shall be assessed to the owners
thereof in the manner herein provided; but no assessment
of real property shall be considered illegal by reason of
the same not being listed or assessed in the name of the
owner or owners thereof."

The case of Victory v. State, 158 S.W. 2d 760 (Tex.
Sup.Ct., 1942), held that an erroneous listing of property
in the name of the predecessor in title did not invalidate
the assessment.  The case of Young, et al. v. City of
Marshall, 199 S.W. 1180 (Tex. Civ. App., 1918, no writ
history) is directly analagous to the situation under con-
sideration.  In this case suit was brought by the City of
Marshall against Margaret Wright for collection of real
property taxes for the years 1906-1910.  The evidence dis-
closed that Mrs. Wright had died in 1902, and that the

property had continued to be assessed in her name. The city amended its petition to include the heirs of Mrs. Wright and those who had purchased the property from such heirs; the city also amended to claim taxes for the years 1906 to 1915. As to the claim for taxes not barred by a four-year statute of limitations imposed by the Marshall City Charter, the Court of Civil Appeals upheld the judgment of the trial court awarding the city recovery for taxes, penalties, interests and attorneys' fees, with foreclosure of the tax lien. The judgment was made a charge upon the property alone; no personal judgment was rendered against the defendants. The court, in discussing the assessment, said:

> ". . . . the undisputed evidence shows that the property was assessed in the name of Margaret Wright, who died in 1902. It is contended that by reason of that fact the assessments were invalid and will not support a suit for recovery of taxes. Article 7527 (now Article 7171) of the Revised Civil Statutes provides that:

> 'All real property subject to taxation shall be assessed to the owners thereof in the manner herein provided; but no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof.'

> ". . . . under the statute above referred to, even if there was an error in listing the property in the name of a person who was not the owner, that fact alone is not sufficient to vitiate the assessment. Taber v. State, 38 Tex. Civ. App. 235, 85 S.W. 835. There is no contention that the description otherwise given of the land in the assessment is incorrect or insufficient."

## PENALTIES AND INTERESTS

Article 7326, V.A.C.S., provides for the institution of suits for collection of taxes, penalties, interests, and costs. Article 7336, V.A.C.S., details what such penalties shall be and provides in part:

> "Penalties, interests, and costs accrued against any land, lots, and/or property need not be entered by the Assessor and Collector

of Taxes on said list, but in each and every
instance all such penalties, interest and
costs shall be and remain a statutory charge
with the same force and effect as if entered
on said list, and the Assessor and Collector
of Taxes shall calculate and charge all such
penalties, interest, and costs on all delin-
quent tax statements or delinquent tax re-
ceipts issued by him." (Emphasis added).

It is clear, therefore, that once taxes become delin-
quent, penalties and interest become and constitute part
of the charge against the property. The Tax Assessor
and Collector has no authority to release or remit any
portion of the penalties and/or interest so owing. This
authority is even expressly denied the legislature. Arti-
cle 3, § 55, Vernon's Annotated Texas Constitution.

## FAILURE TO RENDER PROPERTY

The application of the rule that an erroneous assess-
ment does not render the assessment illegal under Arti-
cle 7171, V.A.C.S., is not limited to cases where the
property was rendered for taxation. No distinction is made
in situations where the true owner rendered the property
and where no rendition was made. Starnes v. Bledsoe, 275
S.W. 2d 826 (Tex. Civ. App., 1953, Ref. N.R.E.) on motion
for rehearing; Young v. City of Marshall, supra. The
assessment made in the case being treated was valid though
the property was not rendered.

## PERSONAL JUDGMENT AGAINST TRUE OWNER OF PROPERTY

No personal judgment can be given against a taxpayer
for delinquent taxes on property prior to the time he pur-
chased such property unless he expressly assumes those
taxes. Henson v. City of Corpus Christi, 258 S.W. 2d 343
(Tex. Civ. App., 1953, refused); Starnes v. Bledsoe, supra;
Article 7329, Sec. 1. The property is, however, subject to
foreclosure of the lien for taxes, penalties, interests, and
costs in the hands of the subsequent purchaser. Young v.
City of Marshall, supra; Starnes v. Bledsoe, supra; Henson
v. City of Corpus Christi, supra. See also Victory v.
State, 158 S.W. 2d 700 (Tex. Sup. Ct., 1942).

The present owner of the property in question will
not be personally liable for the taxes, penalties or
interests except as such taxes, penalties or interest
accrued during his ownership of the property.

## SUMMARY

The Assessor and Collector of Taxes may charge all taxes, penalties and interest against the property in question in the hands of the present owner. The fact that the property was erroneously assessed in the name of the predecessor in title does not vitiate the assessment; this rule is applicable even where the property was not rendered for taxation.

No personal judgment may be returned against the present owner for taxes delinquent prior to the time he purchased such property unless he expressly assumes those taxes; but a tax lien for all past due taxes, penalties and interest may be foreclosed against the property. Any personal judgment will have to run against the person who owned the property at the time the taxes became delinquent, and the penalties and interest accrued.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Jack N. Price
Jack N. Price
Assistant

JNP:db

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Mark McLaughlin

Harris Toler

Riley Fletcher

REVIEWED FOR THE ATTORNEY GENERAL

BY: W. V. Geppert