# THE ATTORNEY GENERAL
## OF TEXAS
ATTORNEY GENERAL
AUSTIN, TEXAS 78711



March 13, 1967

Honorable Hurshel R. Harding
County Attorney
Parmer County
Farwell, Texas

Opinion No. M-41

Re: Whether the severed
minerals which are
owned by Parmer County
as part of its public
school lands, located
in Gaines and Andrews
counties, are subject
to taxation in the
county where located.

Dear Mr. Harding:

In your opinion request you stated:

"Parmer County owns minerals in Gaines
and Andrews Counties, Texas, having sold the
surface of these lands a number of years ago.
Over the last several years the tax assessor-
collector of one or both of these counties
mails to Parmer County an assessment of taxes
for the minerals which Parmer County owns."

We have also been advised that the above minerals
were a part of the public lands given to Parmer County
by the State for the endowment of its Permanent School
fund. These lands were subsequently sold and a portion
of the mineral estate was reserved to the county. The
lands have been leased for a number of years and there
was production of oil and gas on the lands in Gaines
County during the tax years involved here.

You have requested our opinion as to whether the
severed mineral estate owned by Parmer County in lands
located in Gaines and Andrews Counties are taxable under
Article VII, Section 6a., Constitution of Texas, and
Article 7150a, Vernon's Civil Statutes.

The pertinent constitutional provisions and statutory
enactments are as follows:

<u>Article VII, Section 6, Constitution of Texas.</u>

"All lands heretofore, or hereafter granted

- 197 -

to the several counties of this State for
educational purposes, are of right the
property of said counties respectively, to
which they are granted, and title thereto
is vested in said counties, and no adverse
possession or limitation shall ever be
available against the title of any county.
Each County may sell or dispose of its
lands in whole or in part, in manner to be
provided by the Commissioners' Court of the
county...Said lands, and the proceeds there-
of, when sold, shall be held by said counties
alone as a trust for the benefit of public
schools therein;..."

Article VII, Section 6a, Constitution of Texas.

"All agriculture or grazing school
land mentioned in Section 6 of this article
owned by any county shall be subject to
taxation except for State purposes to the
same extent as lands privately owned."
Added Nov. 2, 1926, proclamation Jan. 20,
1927.

Article 7150a, Vernon's Civil Statutes.

"Any county in this State owning any
land mentioned and referred to in Section
6a of Article VII of the Constitution of
Texas..., is hereby authorized to pay taxes
duly and lawfully levied on the same out of
the County's revenue derived from such land..."

Article XI, Section 9, Constitution of Texas.

"The property of counties, cities and
towns, owned and held only for public pur-
poses, such as..., and all other property
devoted exclusively to the use and benefit
of the public shall be exempt from forced
sale and from taxation,..."

Article VII, Section 6a, and Article 7150a were
added in 1927. Prior to that time, it was settled that
the public school lands owned by the several counties
were not subject to taxation. Daugherty v. Thompson,
71 Tex. 192, 9 S.W. 99 (1888). That court also held

that:

"Forbidding the taxation of the lands
it forbids the taxation of an estate less
than the fee,..."

Article VII, Section 6a, read in relation to
Article VII, Section 6, now makes all the agriculture
and grazing school lands owned by the several counties,
and granted to them by the State for educational pur-
poses, subject to taxation except for State purposes.
The question then is, does a severed mineral interest
come within the term "all agriculture and grazing school
land mentioned in Section 6 of this article...?"

The history of the State's school grants to its
counties is set out in the interpretive commentary of
Article VII, Section 6, and will not be repeated here.
It is sufficient to note that these grants were generally
made upon vacant and unsurveyed public lands. They were
given to the counties and, therefore, were never classi-
fied by the General Land Office as being either agriculture,
grazing or timber lands, as was required for the sale of
public lands. It is our opinion, however, that the Legis-
lature used the term "all agriculture and grazing school
lands..." to distinguish between the several broad
classifications of public lands generally made by the
General Land Office in the sale of lands and not to dis-
tinguish between the various estates in land. Childress
County v. Morton Independent School Dist.,95 S.W.2d 1031
(Tex. Civ. App.1936). At the time of the enactment of
Article VII, Section 6a, timber upon public school lands
when sold became the personal property of the vendee, and
was subject to taxation. Montgomery v. Peach River Lumber
Co.,117 S.W. 1061, (Tex.Civ.App. 1905 error dism.w.o.j.).

It is not the use or classification of the land at
the time of the assessment that is controlling here, but
the use or classification at the time of the grant.
Section 6 refers to "all lands heretofore or hereafter
granted..." It is the agriculture and grazing lands
granted to counties by the State that are made taxable.

The estate to be taxed is the entire fee of the land.
Article 7146 V.C.S.; Humble Oil and Refining Co. v. State
3 S.W.2d 559, 560 (Tex.Civ.App. 1928, error ref.). In that
case the court said: (P. 560)

"Until, however, the mineral estate has

been severed, the rendition of the land
carries with it the value of the entire
estate."

Article 7146, Vernon's Civil Statutes, defines "Real
Property" as including the land itself and all mines
and minerals in and under the same.

Article XIV, Section 7, of the Texas Constitution
released the minerals in and under public lands to the
owner of the soil and provided that the minerals would
be subject to taxation as other property.

If the minerals were taxable while a part of the
fee title owned by Parmer County, what is there within
Section 6a of Article VII that would exempt them when
severed? Section 6a, specifically provides that the
enumerated school lands shall be taxable. "...to the
same extent as lands privately owned." It has long
been settled in this State that a conveyance or
reservation of a mineral or royalty interest creates an
interest in land that is subject to taxation apart from
the surface estate. Stephens County v. Mid-Kansas Oil
& Gas Co., 113 Tex. 160, 254 S.W. 290 (1923); State v.
Downman, 134 S.W. 787, (Tex.Civ.App., 1911 error ref.,
aff. 231 US 353); Sheffield v. Hogg, 124 Tex. 290, 77 S.W.
2d 1021, 80 S.W.2d 741 (1934); Hager v. Stakes, 116 Tex.
453, 294 S.W. 835 (1927); Texas Co. v. Daugherty, 107 Tex.
226, 176 S.W. 717 (1915); Brown v. Smith, 141 Tex. 425,
174 S.W.2d 43 (1943); Bashara v. Saratoga Independent
School Dist., 139 Tex. 532, 163 S.W.2d 631, (1942).

Assuming that the land was at the time of the grant
either agriculture or grazing land, it is our opinion
that Parmer County is liable for all taxes properly
assessed against the mineral interest it reserved in the
sale of its school lands. See also, Phillips Chemical
Co. v. Dumas Independent School District, 159 Tex. 115,
316 2d 382, 389 (1958) and Attorney General's Opinions
number O-6693 and O-7038 (1946).

### S U M M A R Y

Assuming that the lands in question, at
the time of the grant were either agriculture
or grazing lands, the severed minerals which
are owned by Parmer County as part of its
public school lands located in Gaines and

Andrews Counties are subject to taxation in the county where located under the terms of Article VII, Section 6a, Constitution of Texas, and Article 7150a, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

MFS:mh

Prepared by Marvin F. Sentell
Assistant Attorney General

APPROVED
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Pettit
Houghton Brownlee
Bill Allen
STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.

- 2-1 -