Lula B. THOMPSON, Appellant,

v.

CITY OF PEARLAND, Appellee.

No. 15960.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 30, 1972.

---

Holder & Germany, C. Wayne Holder, Freeport, for appellant.

McNeal, Thrash & Williams, William W. McNeal, Alvin, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment in a delinquent tax suit. The judgment in this case recites that the case was tried to the court without a jury. No findings of fact or conclusions of law appear in the record.

In his judgment the trial court recites that the "Court . . . is of the opinion and finds as follows, to-wit:

"That the Plaintiff is entitled to recover from the Defendant, Lula B. Thompson, taxes, penalty and interest for the years 1965, 1966, 1967, 1968, 1969 and 1970 in the total amount of one thousand six hundred seventy-seven and 50/100 ($1,677.50) dollars which accrued on the hereinbelow described real property, to-wit:

"Being 30 acres of land, more or less, out of the G. W. Jenkins Survey, Abstract 70, Tracts 72, 73, and 74, in Brazoria County, Texas."

The court then decreed that Lula B. Thompson "is duly and lawfully indebted" to the City in that amount. The court found that a lien existed against the described property for the taxes, penalty, interest and costs, and ordered its foreclosure.

The City introduced its delinquent tax records for the years prior to 1970, and its tax roll for that year, as well as testimony that the taxes sued for were due and unpaid. This evidence established a prima facie case. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954).

In rebuttal appellant introduced without objection a general warranty deed by which she had conveyed an undivided 10% interest in the three lots to Newton B. Schwartz. The deed was acknowledged on the 23rd day of June, 1964, and filed for record on the 25th day of June, 1964.

Appellant asserts that the trial court erred in overruling her motion to dismiss, which pointed out that Newton B. Schwartz was an indispensable party to the suit and was not a party thereto. She also asserts error in entering judgment for foreclosure of the lien on the land "when such taxes assessed against the appellant were one hundred (100%) per cent and ten (10%) per cent of such property was owned by Newton Schwartz who was not a party to this suit."

The law imputed to the taxing officials of the City knowledge of the recorded deed from appellant to Schwartz. Their action in rendering the entire interest in the tract against appellant was arbitrary,

illegal and void. Bashara v. Saratoga Independent School District, 139 Tex. 532, 163 S.W.2d 631 (1942). In the cited case the court said:

"Since respondent's officials possessed either the knowledge or the means of knowledge that Mrs. Baker owned a taxable interest in the 100 acres, their action in rendering the entire interest for taxes against Bashara was arbitrary, illegal and void. It was their duty under proper assessment to seek from Mrs. Baker the taxes justly due on the interest owned by her and from Bashara only those justly due on the interest owned by him. Therefore, we hold the assessments for the years 1934 to 1938, both inclusive, were void."

The judgment is reversed and here rendered for appellant, but without prejudice to the rights of the City to reassess the interest of appellant in the lands in question and to collect the taxes due thereon.

Reversed and rendered.