STATE of Texas, Appellant,

v.

LINCOLN CORPORATION et al., Appellees.

No. 8370.

Court of Civil Appeals of Texas, Beaumont.

Feb. 11, 1980.

Rehearing Denied Feb. 28, 1980.

**594**

Giles E. Miller, Dallas, for appellant.

Harry DeFord, II, Angela S. Whittenberg, Dallas, Jon Michael Franks, Irving, for appellees.

CLAYTON, Justice.

Our prior opinion in this cause is withdrawn, and this opinion is substituted in lieu thereof.

This is a suit in the nature of an action to collect delinquent personal property taxes, under the provisions of *Tex.Rev.Civ.Stat. Ann. art. 7269* (Vernon 1960). Appellant, State of Texas, brought this action against defendants, some of whom were secured creditors of Residential Enterprises, Inc., d/b/a Litman Mobile Homes (Litman). Appellant non-suited all parties defendant except appellees Oak Cliff Bank & Trust Company and Grady Willis. The trial court, without a jury, entered judgment denying recovery for such taxes from which judgment the State appeals.

The record before us reflects that taxes for 1973 and 1974 were due and delinquent on certain mobile homes purchased by a dealer, Litman, and which were financed through appellee Oak Cliff. Appellee Oak Cliff held a lien on such mobile home units which it financed. Subsequently, Litman defaulted in its obligation to Oak Cliff which then foreclosed its lien, taking possession of and selling the mobile homes to various purchasers or returning them to the manufacturers under repurchase agreements.

Thereafter, on February 19, 1974, Litman filed a petition in bankruptcy. The Trustee in Bankruptcy found that Oak Cliff had repossessed the personal property prior to the institution of the bankruptcy proceedings and, therefore, held the property did not become a part of the bankruptcy estate.

Appellant contends it has a lien against the personal property by virtue of the provisions of *Tex.Rev.Civ.Stat.Ann. art. 7269* (Vernon 1960) and was, therefore, entitled to recover the delinquent taxes against appellees. It is well settled that the State and County have no lien upon personal property for taxes due by the owner until the same has been seized or levied upon. *State v. General American Life Insurance Company,* 575 S.W.2d 602 (Tex.Civ.App.— Waco 1978, writ dism'd); *City of San Mar-*

*cos v. Zimmerman,* 361 S.W.2d 929 (Tex.Civ. App.—Austin 1962, writ ref'd n. r. e.); *Maro Co., Inc. v. State,* 168 S.W.2d 510 (Tex.Civ.App.—Amarillo 1943, writ ref'd); *Cassidy Southwestern Commission Co. v. Duval County,* 3 S.W.2d 416 (Tex.Com.App. 1928, judgment adopted). The parties in the case at bar agreed and stipulated that appellant has not, at any time, levied upon or seized any of the personal property involved in this cause.

Appellant, however, seeks to establish the lien by virtue of the provisions of *Tex.Rev. Civ.Stat.Ann. art. 7269* (Vernon 1960), which provides:

"In all cases where a taxpayer makes an assignment of his property for the payment of his debts, or where his property is levied upon by creditors, by writs of attachments or otherwise, . . . the amount of such unpaid taxes shall be a first lien upon all such property . . ."

■ Appellant states, in its brief, that *Article 7269* "clearly reflects that the tax lien is activated in cases where property is taken by virtue of a prior lien. . . ." No further argument is made on this assertion, and no authorities are cited. We assume such statement "where property is taken by virtue of a prior lien" refers to the act of repossession of the property by appellee Oak Cliff, and that because of such repossession the lien was created and existed against the property. We do not agree. The foreclosure pursuant to the security agreement held by appellee against Litman does not come within the terms of *Tex.Rev. Civ.Stat.Ann. art. 7269* (Vernon 1960) and does not "trigger" or create a lien against the property. See *State v. General American Life Insurance Company,* supra.

■ Appellant next seeks to invoke *Article 7269* because of the bankruptcy proceedings. The bankruptcy proceedings could not activate the conditions creating a lien under *Article 7269* because the property was never considered in or became a part of the property involved in such proceedings. They were not so considered because the property was not owned by the party initia-

ting such proceedings. Appellee Oak Cliff had repossessed the property prior thereto.

■ Appellant next contends appellee Oak Cliff owned the personal property and, therefore, owed the taxes due on them and was liable therefor. There is nothing in the record showing appellee Oak Cliff owned the property on January 1, 1973, and January 1, 1974. The record clearly shows the contrary. The taxes sued for were assessed against Litman, not appellee Oak Cliff. It was stipulated by the parties that "[appellee Oak Cliff] did not have any of the personal property of Litman in its custody at the time the tax was assessed, nor at the time demand for payment was made, nor at the time the instant suit was filed, nor at the time the petition in bankruptcy was filed, nor does it now." The testimony of the witness Potts, as Senior Vice-President in charge of the Dealer Loan Department of appellee Oak Cliff, clearly shows that the arrangement between Oak Cliff and Litman was that Oak Cliff financed the mobile homes for Litman, that Oak Cliff held liens against the property to secure the payment of the indebtedness of Litman, and had the right to repossess them upon Litman's default. Ownership of the property was not shown to be in Oak Cliff until it repossessed the homes. The security agreement instruments are not in the record. There is nothing in the record to dispute the "lienholder" status of Oak Cliff. There is nothing in the record to show ownership in Oak Cliff at the time of the tax assessment, or on the dates of January 1, 1973, or January 1, 1974, the dates when ownership must have been shown. The record clearly shows that Oak Cliff did not own the personal property, or was in possession of same, prior to February 19, 1974.

■ Based upon the foregoing, we hold the State had no lien against the personal property involved herein. Moreover, the State did not seek to foreclose on any lien but merely sought recovery of a personal judgment over and against appellee for the amount of the delinquent taxes. It is well settled that one who purchases property

against which taxes are delinquent does not become personally liable therefor in the absence of an express assumption of the tax indebtedness. See *Starnes v. Bledsoe Independent School District,* 257 S.W.2d 836 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.); *Leonard v. State,* 242 S.W.2d 199 (Tex.Civ.App.—San Antonio 1951, no writ); *Bashara v. Saratoga Independent School District,* 139 Tex. 532, 163 S.W.2d 631 (1942, opinion adopted). These cited cases involved purchase of real property; however, this same rule should apply in cases involving personal property, and we so hold.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.