CITY OF SAN ANTONIO v. TERRILL.
(No. 5991.)

(Court of Civil Appeals of Texas. San Antonio. March 20, 1918. Rehearing Denied April 17, 1918.)

1. PARTIES ⟾52 — BRINGING IN NEW PARTIES—DELAY.

In city's action to recover delinquent taxes not assessed until after defendant bought the land under warranty deed, it is proper to permit the answer to make the warrantors parties in the absence of affirmative showing of delay by so doing.

2. MUNICIPAL CORPORATIONS ⟾972(3)—TAX ASSESSMENT—DESCRIPTION OF PROPERTY—SUFFICIENCY.

Description of property in municipal tax assessment: "Name, Mrs. B. E. Horton. N. E. pt. of Blk. O. C. Lot 10, City Blk. A. 62. No. of Receipt 16282. Description of property, R. 1 D. C. 5⅓ acres, Land Imp. 265. Total value 265"—is sufficient under the rule that

description of property is sufficient when it furnishes the means by which the property can be identified from the description itself or by the use of extrinsic evidence.

3. APPEAL AND ERROR ⬤═882(11)—ESTOPPEL TO URGE OBJECTIONS—EVIDENCE.

In city's action to recover taxes assessed long after the year in which they were due, where defendant objected to introduction of assessment rolls on the ground that the description of the property was totally void, he could not complain that plaintiff introduced no evidence to identify the land.

4. TAXATION ⬤═421(1) — DESCRIPTION OF PROPERTY—SUFFICIENCY.

A vendee cannot insist upon a more accurate description for taxation than the description given in the conveyance to him.

5. TAXATION ⬤═511—LIEN—INNOCENT PURCHASERS.

The purchaser of land is chargeable with notice that the land has not been assessed if such is the fact, and he is not thereafter an innocent purchaser as against taxes for years during which the tax was not assessed against the land, and should have been so assessed in view of Rev. St. 1911, art. 7528, permitting an assessment of omitted property.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by the City of San Antonio against Dr. J. H. Terrill. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

R. J. McMillan and Robert G. Harris, all of San Antonio, for appellant. Don A. Bliss and Norton & Brown, all of San Antonio, for appellee.

FLY, C. J. Appellant sued appellee to recover taxes due on a certain tract or lot of land for the years 1894 to 1912, both inclusive, and on the trial sought to introduce certain copies of the assessments on the land, which for the years 1894 to 1908, inclusive, were made by the city commissioner of taxation, in 1909, but all the assessments were excluded by the court. Appellee made his warrantors parties, and asked for judgment against them in case judgment should be rendered against him. The cause was tried by jury, and verdict and judgment rendered for appellee. Judgment was also rendered that appellee take nothing as to the warrantors.

The assessments were declared void by the court for the reasons that the land was not described with sufficient certainty to identify it, and that appellee had purchased the land on December 17, 1908, from Mrs. B. E. Horton and the Horton heirs, and as to all taxes before that time was an innocent purchaser, and obtained the land free of tax liens or tax liability. This suit has been appealed on a bill of exceptions as permitted by article 1607, Revised Statutes.

[1] The first assignment of error assails the action of the court in overruling an exception to that part of appellee's answer that sought to make the warrantors of appellee parties to the suit. It is contended that it is against public policy to postpone and delay

the state in the collection of its taxes, and, if that proposition was well founded, still the record fails to show that impleading the warrantors caused any delay. There is no premise for the argument made in the brief, and we cannot enter the field of speculation, as appellant would have this court to do, and charge up the delay of over five years from the time the suit was instituted until a trial was had to the warrantors being made parties. Appellant admits that "there is no proof in the record as to the cause of the delay," and we cannot draw on our imagination to supply such proof. Appellee should not be compelled to bring a separate suit against his vendors for taxes he may be compelled to pay, but the matter can and should be settled in this suit. The assignment of error is overruled.

By section 30 of the charter of the city of San Antonio the commissioner of taxation is authorized to "assess property which has been omitted from assessments during past years upon the next assessment roll after discovering that fact, and at the same rate such property should have been assessed for such past years, giving the year for which it is assessed, and the taxes thereon shall be collected in the same manner as other assessments." The commissioner of taxation is also given "all the rights that are now or may be hereafter conferred upon county assessors of this state." It is provided in article 7565, Revised Statutes:

"If the assessor of taxes shall discover in his county any real property which has not been assessed or rendered for taxation for any year since 1870, he shall list and assess the same for each and every year for which it has not been assessed, in the manner prescribed in the preceding article; and such assessment shall be as valid and binding as though it had been rendered by the owner thereof."

In article 944 in cities and towns chartered under the general law assessment for past years is permitted and authorized. Wherever such statutes have been enacted they have been held valid. Cooley on Taxation, p. 607 et seq., and footnotes.

[2] The description of the land was:

"Name, Mrs. B. E. Horton. N. E. pt. of Blk. O. C. Lot 10, City Blk. A. 62. No. of receipt 16282. Description of property, R. 1 D. C. 5⅓ acres, Land Imp. 265. Total value 265."

The values were different in different years. Description of property in an assessment for taxes is sufficient when it furnishes the means by which the property can be identified from the description itself or by the use of extrinsic evidence to apply that description to the property. Eustis v. City of Henrietta, 90 Tex. 468, 39 S. W. 567; Slaughter v. City of Dallas, 101 Tex. 315, 107 S. W. 48; Grace v. Bonham, 26 Tex. Civ. App. 161, 63 S. W. 158; Slaughter v. Dallas, 103 S. W. 218. In the Slaughter Case cited the description was:

"Name of owner, G. G. Wright. No. of acres, ———. No. Lots 25x100. No. block, 61. Value grounds, $12,500, value improvements, 2,000; description, Main Street."

That description is held to be sufficient, and it is more indefinite than the one under consideration. The court cited the cases of Hermann v. Likens, 90 Tex. 448, 39 S. W. 282, and Taffinder v. Merrell, 95 Tex. 98, 65 S. W. 177, 93 Am. St. Rep. 814, the first referring to the description in a conveyance, and the latter to a description in a decree of partition, and held:

"Now, can any more particularity be required in a tax assessment than in a conveyance or a decree of partition? We think not. There are no degrees in certainty. What is certain in the one case must be certain in the other, and what can be made certain in the one case can be made certain in the other. If any distinction should be made, it would seem to be in favor of more generality in tax assessments. The forms furnished for assessments and in universal use for that purpose do not afford sufficient space for a full description of real estate, except in a few cases, such, for example, as town lots, and where the owner is rendering all of an original survey."

[3] It cannot with any show of consistency be claimed that appellant should have offered testimony to identify the land, when the objection to the assessment rolls was made on the ground, not that the description was uncertain and voidable, but that the descriptions "were insufficient and defective and consequently void," and the objection was sustained by the court. It would have been a nugatory and vain act to attempt to introduce evidence to render a void document valid. No amount of evidence could have given the assessments vitality if they were void.

[4] In the objections set out in the second bill of exceptions appellee admitted that the land described in the assessment rolls had been acquired by him from Mrs. B. E. Horton and the Horton heirs, which would identify the land as that assessed against Mrs. B. E. Horton. Presumptively the land was described in the deed of conveyance to appellee as in the assessment rolls, and if the description was sufficient to convey the land to appellee, it was sufficient for purposes of taxation. If the description was sufficient in the petition to indicate to appellee that it was his land, it was sufficient for purposes of taxation. Appellee could not insist on a more accurate description than that given in the conveyance to him.

[5] The claim of appellee that he was an innocent purchaser cannot be sustained. He was charged with knowledge that the land of B. E. Horton had not been assessed for taxes during the years 1894 to 1908, and that they could be assessed by the commissioner of taxation, and doubtless would be assessed when the omission was discovered. It is true that the omitted assessments were for taxes that arose before appellee purchased the land, but it was incumbent on him to examine records and assessment rolls before purchasing and protect himself against any back taxes. As said by Judge Cooley in discussing reassessments, which applies with equal force to assessments made for past years:

"The only cases in which hardship is likely to be inflicted by such legislation are those in which a tax is reassessed upon an estate which has changed hands since the tax should have been collected from it; but a proper examination of the records will in most cases lead the purchaser to a discovery of the liability, and enable him to provide against it." Cooley, Taxation, pp. 527, 528.

Appellee could not have been an innocent purchaser, if a purchaser can ever be an innocent purchaser as against unpaid taxes. The laws of Texas fully notified him of all matters necessary for him to have ascertained that the taxes for many years had not been paid on the land. He was charged with the knowledge also:

That "all taxes upon real property shall be a lien upon such property until the same shall have been paid," and, further, that "should the assessor fail to assess any real estate for any one or more years, the lien shall be good for every year that he should fail to assess for; and he may, in listing property for taxes any year thereafter, assess all the back taxes due thereon, according to the provisions of this title." Rev. Stats. art. 7528.

The authorities cited by appellee do not militate against the rulings herein made. In the case of the State v. Farmer, 94 Tex. 232, 59 S. W. 541, the court held the description insufficient because there were two tracts of land in the county to which the description might apply, but the court said:

"If the description given in the assessment is such that by applying it to the land it can be identified, it is a substantial compliance with the requirements of the statute and the lien attached."

The court in effect held there were no assessments of the land, and the question of assessments made for past years under the statute was not before the court, and no authoritative decision could be rendered thereon. To hold that laws providing for the assessment of back taxes on land do not create a lien on the same, which would follow the land, no matter into whose hands it might pass, would hamper the collection of taxes and cripple the finances of the state. Appellee would not be liable personally for the taxes, but the lien would follow the land into his hands. City of San Antonio v. Toepperwein, 104 Tex. 43, 133 S. W. 416; Garza v. Hammond, 39 S. W. 610. In the Toepperwein Case, 124 S. W. 699, this court held:

"Every one is charged with knowledge of taxes, and of the existence of the lien they carry, and especially so a person who undertakes to pay all taxes, or takes subject to all taxes."

The Supreme Court reversed the judgment on no ground except that the city should have recovered for the penalties as well as the taxes. The Supreme Court held Toepperwein liable for the taxes, not because he

had agreed that he took the land subject to the taxes, but because the lien followed the land.

The judgment is reversed, and the cause remanded.