**TEXAS BANK & TRUST CO. v. BANKERS' LIFE CO.**

No. 1091.

Court of Civil Appeals of Texas. Waco.

Oct. 29, 1931.

Rehearing Denied Dec. 4, 1931.

**632**

Hart & Patterson, of Austin, and Saner, Saner & Jack, of Dallas, for appellant.

Coker, Wilson, Rhea & Neel, of Dallas, for appellee.

BARCUS, J.

The facts in this case are undisputed. In 1924 appellee took a note signed by W. J. Lock and a deed of trust securing same on 146 acres of land in Hays county. In January, 1928, Lock was unable to pay the state and county taxes on said land for the year 1927, and at his request, appellant paid same, amounting to $197.07, to the tax collector of Hays county. At the time appellant paid said taxes, Lock executed his note therefor payable to appellant and secured same by a deed of trust on the 146 acres of land, and agreed both verbally and by the recitations in the deed of trust that appellant should have the tax lien to secure the payment of said note. Appellant prayed that it be subrogated to the tax lien and that its deed of trust securing the note given it for said taxes be declared a prior lien to that held by appellee securing the original loan. The trial court rendered judgment decreeing the lien of appellee prior to the lien held by appellant and ordered the property sold to satisfy same.

■ Appellant's sole contention is that its lien for taxes paid is superior to that held by appellee, and that the trial court erred in not so holding. Section 15, article 8, of the Constitution provides that taxes on land shall be a special lien thereon. Article 7172 of the Revised Statutes provides that taxes upon real property shall be a lien until same are paid. Our courts hold that no one can be an innocent purchaser of land as against the lien held by the state or city for taxes due. City of San Antonio v. Terrill (Tex. Civ. App.) 202 S. W. 361 (error ref.); State Mortgage Corporation v. State (Tex. Com. App.) 17 S.W.(2d) 801; Kirk v. City of Gorman (Tex. Civ. App.) 283 S. W. 188.

■ Appellant paid said taxes at the request of Mr. Lock, the owner of the land, and it was agreed and understood between them at the time that appellant should have the lien held by the state to secure it, and Lock executed a deed of trust to appellant to secure the amount paid and recited in said deed of trust that the money had been advanced by appellant for the purpose of paying the taxes and "that said tax lien is hereby given and retained to secure the payment thereof." The rule is well settled in this state that one paying on behalf of another the purchase price of land or a part thereof, a lien thereon existing in favor of the vendor, is entitled to be subrogated thereto, where the payment is made under agreement with the vendee and upon an understanding, express or implied, that the lien shall be retained as security for the money advanced. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Belcher Land Mortgage Co. v. Taylor (Tex. Com. App.) 212 S. W. 647; Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; Fears v. Albea, 69 Tex. 437, 6 S. W. 286, 5 Am. St. Rep. 78; Sanger Bros. v. Ely & Walker Dry Goods Co. (Tex. Civ. App.) 207 S. W. 348 (error ref.); Chambers & Co. v. Little (Tex. Civ. App.) 21 S.W.(2d) 17 (error ref.); Law v. Lubbock Nat. Bank (Tex. Civ. App.) 21 S.W.(2d) 92 (error dis.); Banks v. Cartwright (Tex. Civ. App.) 26 S.W.(2d) 708.

■■ We see no reason why a party who, at the request of the owner of land, pays the taxes due thereon under a positive agreement and a written contract that he is to retain the tax lien on the land to secure the payment thereof, should not be subrogated to the lien held by the state. The authorities above cited, as well as many others, uniformly hold that it is not necessary for the person who pays the tax debt to obtain the consent of the payee to make him entitled to the right of subrogation. This being true, it was not necessary for either Mr. Lock or appellant to obtain the consent or ratification of the state to the transfer of the tax lien for appellant to become subrogated to the rights of the state relative thereto. We think the trial court was in error in holding that appellee had a superior lien to that held by appellant for the taxes actually paid by it on the land in question.

■ Appellant asked that the judgment of the trial court be rendered in its favor establishing its lien as a first and prior lien.

There is nothing in the record to show that appellant served the defendant Burchett, in whom the legal title to the land stands, with any notice of his cross action or claim against the land. The record shows that Burchett was cited to answer plaintiff's original petition and that he did not appear, but wholly made default. Burchett not having been cited to answer appellant's cross-action and not having entered his appearance, this court is not authorized to enter judgment for appellant against the defendant Burchett. Mayhew & Co. v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.