

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable A. L. Lowery,
County Attorney
Nacogdoches, Texas.

Opinion No. 0-2830

Re: Status of transferee of tax lien under Article 7345a, Vernon's Civil Statutes.

Dear Sir:

In your letter of October 15, 1940, you direct our attention to Article 7345a, Vernon's Civil Statutes, and in substance request our opinion in response to the following questions:

(1) When a transfer of lien has been made under the statute by one taxing authority, and there are delinquent taxes due on the property to other taxing authorities, would any priorities exist as between the transferee and such other taxing units?

(2) In the event the transferee finds it necessary to foreclose, must he comply with Article 7345b, Vernon's Civil Statutes, in respect to the impleading of or giving notice to the various taxing units holding tax claims against the property?

Said Article 7345a provides express authorization for a non-owner of real property, at the request of the owner, to pay any taxes due on such property and to thereby obtain a transfer of the tax lien securing the payment of such taxes. The statute is largely declaratory of the rights of subrogation theretofore existing. Texas Bank and Trust Co. vs. Bankers' Life Co., 43 S.W. (2d) 631; McChesney vs. Johnson, 79 S.W. (2d) 658; Harrison vs. First Nat'l Bank, 238 S.W. 209; 39 Tex. Jur. 779. Whether under equitable rules existing before the passage of this statute a tax lien obtained by subrogation became inferior to tax liens still held by taxing units is a question unnecessary for us to determine. For, under Section 3 of the Act in question, the transferee becomes vested with and holds such tax lien against such property "as fully and to all intents and purposes as such (transferor) state, county or subdivision theretofore held the same." Unquestionably we think this Section of the Statute was and is broad enough and sufficiently specific to preserve for the transferee the status of equality existing prior to the transfer. This statute, enacted in 1933, preceded Article 7345b, by four years, and construction of these statutes must be made with that fact in mind.

The later Act requires a suing unit to implead other taxing units which have tax claims against the involved property. It nowhere

makes specific mention of the transferee of Article 7345a. However, in law, the Legislature in the passage of Article 7345b must be held to have had in mind the former Act, including the subrogation provisions of Section 3. There being no express repeal of that section, nor any necessary conflict between it and the later legislation, we think it survives and will color the provisions of Article 7345b, in that a transferee, being in the shoes of his transferor taxing unit, in suing to foreclose his lien must comply with the requirements of Section 2 of Article 7345b in regard to notifying or impleading various interested taxing authorities. In reaching this conclusion we are met with Section 6 of Article 7345a prohibiting foreclosure by a transferee tax lien holder within twelve months after he has acquired the lien by paying the taxes. We think this will prevent such a transferee from instituting suit within such period of time. However, when he is impleaded, or given notice to intervene in a suit filed by a taxing unit, we do not believe that said Section 6, will deny him the right to set up his claim and participate in the proceeds of the foreclosure, notwithstanding twelve months have not elapsed since he paid the taxes and acquired the tax lien. We take this view considering the manifest purpose of Article 7345b to require all tax claimants (their liens being on a parity) to be made parties. Any other conclusion on this point would reach an impossible result. To this extent we believe there has been an implied repeal or modification of said Section 6 of Article 7345a.

It is accordingly our opinion that your questions should be properly answered, the first in the nagative and the second in the affirmative.

We take this occasion to strongly urge against any such transferee attempting to become a purchaser as trustee for other taxing units under the provisions of Section 9, of Article 7345b. Land titles ought not to be subjected to the serious question as to whether such a function could be legally delegated to a private person.

We now refer to the form for transfer which you enclosed with request for our comment. We note that it is in the form of direction and authorization to the tax collector. It might be well to let it contain also an authorization to the third person to pay the taxes and receive the receipt, in view of the language of Section 2.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  /s/ Glenn R. Lewis
    Glenn  R. Lewis
    Assistant

GRL:eaw:cs

APPROVED
Opinion Committee
By BWB
Chairman

APPROVED OCT 24, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS