## STARNES et al. v. BLEDSOE INDEPEND-
## ENT SCHOOL DIST.

### No. 6293.

Court of Civil Appeals of Texas. Amarillo.
March 16, 1953.

Rehearing Denied April 13, 1953.

Benson & Howard, Lubbock, for appellants.

Robert Kirk, Littlefield, for appellee.

MARTIN, Justice.

Appellee, Bledsoe Independent School District, recovered a personal judgment against appellant, Bert Chitwood, in the sum of $4785.76 for taxes, penalty and interest assessed against 32 sections of land located in Bledsoe Independent School District. No personal judgment was rendered against appellant, C. R. Starnes, but the trial court decreed a foreclosure of the tax lien on the lands in issue as against both appellants.

Appellants perfected an appeal from the above described judgment and their sole point of error asserts that the taxes were uncollectible because the tax assessments were made in the name of C. R. Starnes as owner, when in fact C. R. Starnes was not the full owner of record, or otherwise, of the lands covered by the assessments during the tax years in issue.

From the record, it appears that appellant, C. R. Starnes, as well as Calvin R. Starnes, Jr., W. F. Starnes and W. F. Starnes, Trustee, were the joint owners of the lands at issue in the tax suit at the time such taxes were assessed. These parties conveyed to appellant Chitwood all the surface estate of the lands described in the tax suit. Under this conveyance executed and delivered March 29, 1950, appellant Chitwood became the sole owner of the surface estate in the land and rendered the

same for taxation and paid the taxes due thereon for the years 1950 and 1951. Although the tax rate had increased from $1.10 to $1.30 in 1950, it is noteworthy that appellant Chitwood did not request that a lower valuation be placed on the land.

Art. 7171, Vernon's Annotated Texas Civil Statutes, is as follows: "All real property subject to taxation shall be assessed to the owners thereof in the manner herein provided; but no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof." Under this statute, the Supreme Court of Texas in Victory v. State, 138 Tex. 285, 158 S.W.2d 760, syl. 4, 5, 6 & 7, ruled that the erroneous listing of property in the name of only one of several owners did not invalidate the assessment. This decision sustaining the provisions of the above statute requires that appellants' sole point of error be overruled. Victory v. State, supra; Denman v. State, Tex.Civ. App., 85 S.W.2d 252, Syl. 1 & 2; Baldwin v. State, Tex.Civ.App., 95 S.W.2d 1354, Syl. 2.

The basic principle as defined in Bashara v. Saratoga Independent School District, 139 Tex. 532, 163 S.W.2d 631, 633, relied on by appellants herein, is distinguishable from the rule decreed in Victory v. State, supra, which governs the sole issue in the cause here on appeal. A personal judgment was taken against Bashara for the taxes on the entire tract of land of which he was only part owner. Furthermore, at the time of the filing of the suit, Bashara was still the owner of the tract of land subject to the assessment and a party at interest in the suit and directly affected by any judgment rendered in the cause. In the case here at issue, appellant, C. R. Starnes, and the other joint owners conveyed all their surface interest in the land to appellant Chitwood prior to the filing of plaintiff's first amended original petition and no personal judgment for the taxes due was taken against Starnes or any of the former owners of the land.

Bashara v. Saratoga Independent School District, supra, further rules as follows: "* * * one buying property against which taxes are delinquent does not become personally liable therefor in the absence of express assumption. City of San Antonio v. Toepperwein, 104 Tex. 43, 133 S.W. 416. And see Smithey v. Shambaugh, 126 Tex. 396, 88 S.W.2d 475." Since appellant Chitwood did not assume the taxes as sued for in this cause, the judgment of the trial court is in error in adjudging him to be personally liable for such taxes. The judgment of the trial court is so reformed as to decree that Chitwood is not personally liable for the taxes in issue. Further, since the findings of fact disclose that the taxes as sued for are based only on the surface valuation of the lands as owned by Chitwood, the judgment of the trial court is so reformed as to grant a foreclosure of the tax lien only on the surface estate in the lands.

Appellants' point of error is overruled. The judgment of the trial court is reformed as hereinabove outlined and the judgment as so reformed is affirmed.

On Motion for Rehearing

PER CURIAM.

Appellants, by their motion for rehearing, assert that Art. 7171, Vernon's Annotated Texas Civil Statutes, cited as the basis for the original opinion, is limited to curing defects in the assessment of property that has been rendered for taxation by the owner. Under stipulation of the parties, the land here in issue was not rendered for taxation. Upon the above issue, and other points, a ruling is here made on appellants' motion for rehearing.

Victory v. State, 138 Tex. 285, 158 S.W. 2d 760, 763, cited in the original opinion, in ruling on Art. 7171, supra, recites, "The property was assessed by the owners for the years 1932, 1933 and 1934 as above stated, and in addition to the above assessment Birdie, A. S. and Rose Dorothy Victory rendered 44.14 acres out of the J. M. Pineda Survey." It is assumed the property was rendered by the owners although the term "assessed" is used. Despite any rendition of the land or assessment of taxes on the same, the property

was actually assessed in the name of J. T. Victory then deceased and not in the name of the owners who rendered same. The Supreme Court based its ruling on Art. 7171, Vernon's Annotated Texas Civil Statutes. Further, the Supreme Court did not limit the application of Art. 7171 solely to property which had been rendered for taxation by the owner.

In its opinion in Victory v. State, supra, the Supreme Court cited Coleman v. Crowdus, Tex.Civ.App., 178 S.W. 585, writ refused, Taber v. State, 38 Tex.Civ. App. 235, 85 S.W. 835, writ refused, and Denman v. State, Tex.Civ.App., 85 S.W.2d 252 in support of the ruling that under Art. 7171 the erroneous assessment of the property in the name of J. T. Victory, deceased, did not invalidate the assessment. Since the Supreme Court cites with approval the above three cases, they will be examined with reference to Art. 7171.

Coleman v. Crowdus, supra, does limit the application of Art. 7527 to situations where the property has been duly rendered. Also, it is noted that Art. 7527, cited in Coleman v. Crowdus, is now Art. 7171 and there has been no change in the language of the statute. Art. 7563 as cited in Coleman v. Crowdus is now Art. 7205, Vernon's Annotated Texas Civil Statutes. In Coleman v. Crowdus, the Court of Civil Appeals calls attention to the fact that Art. 7527, now 7171, is found in the chapter dealing with property duly rendered by the owner for taxation and that Art. 7563, now Art. 7205, is found in the chapter dealing with the assessment of unrendered property in the name of the owner. Further, the Court of Civil Appeals based its opinion as to the application of Art. 7527 entirely on the theory that since the above two articles under discussion were in different sections of the statutes as to taxation their construction must be based solely on the subject matter of the section of the statutes wherein the articles are published. However, consider, the next case cited by the Supreme Court as a basis for its ruling on Art. 7171, to wit: Taber v. State, 38 Tex.Civ.App. 235, 85 S.W. 835, 837, writ refused. Taber v. State, supra, involves a suit for taxes due for the year 1902. The court states in its opinion, "Appel-

lants failed to render the lands for taxes for the year 1902". The facts show that the assessment was made in an erroneous name, as in the cause here in issue. The Court of Civil Appeals ruled as follows: "[a] any mistake in the name of the owner would not affect the tax lien on the land. Rev.St.1895, art. 5085." Art. 5085 as cited, is the original version of Art. 7171. The next case cited by the Supreme Court as sustaining its ruling under Art. 7171 directly refutes the theory found in Coleman v. Crowdus, supra. Denman v. State, supra, is a direct ruling on Art. 7171 involving an erroneous assessment. The following quotation from such case is particularly noteworthy. "It is apparent that the provision of article 7171 was designed to modify the provision of article 7205, or at least it may reasonably be given that effect, to prevent escape from liability for taxes because of irregularities in the manner of assessments." [85 S.W.2d 253.]

From an examination of the above three authorities, cited with approval by the Supreme Court, it is readily apparent that one of the cases so cited, Coleman v. Crowdus, rules that any interpretation as to the effect of Arts. 7171, in the light of Art. 7205, must rest on the sole consideration that the respective articles appear in different sections of the statutes as to taxation. But, contrary to such ruling, the remaining two cases cited by the Supreme Court, Taber v. State and Denman v. State, strictly construe the above two statutes together and reach the sound conclusion that Art. 7171 was passed by the legislature to prevent the defeat of recovery of taxes by mere errors in assessment. A sound application of the rulings disclosed by the above authorities will not permit the taxpayer to defeat the express provisions of Art. 7171 and reap a benefit from his own breach of the duty resting on him to render his property for taxation.

The above ruling receives further support, as pointed out in the original opinion, from Baldwin v. State, Tex.Civ.App., 95 S.W.2d 1354 and also from Young v. City of Marshall, Tex.Civ.App., 199 S.W. 1180, 1181. The following statement is found in Young v. City of Marshall, "The record in this case does not disclose wheth-

er the property was rendered for taxes by the owners in the name of Margaret Wright, or was listed in her name by the assessor as unrendered property. * * * But, under the statute above referred to [Art. 7527], even if there was an error in listing the property in the name of a person who was not the owner, that fact alone is not sufficient to vitiate the assessment.".

■ In view of the clear and unambiguous language of Art. 7171 and the above cited rulings of the Appellate Courts, it is here ruled that Art. 7171 is not limited in its application wholly to cases of erroneous assessment of property duly rendered by the owner. The provisions of Art. 7171 cured any error in the assessment of the lands in the name of C. R. Starnes, one of the joint owners of the land in issue and the judgment of the trial court will not be reversed on the sole issue that the land was not correctly assessed under the provisions of Art. 7205.

It is apparent that appellant Starnes is in no position to complain since he sold all his taxable interest in the land and no personal judgment was taken against him for the taxes. It is also noteworthy that appellant, Bert Chitwood, duly rendered for taxation the same lands for the years 1951 and 1952 and paid taxes on the same at a higher rate than that recovered in the judgment here in issue. Further, Chitwood was chargeable with notice as to the status of the assessment and is therefore not an innocent purchaser of the land. No personal judgment rests against Chitwood under the opinion of the court on appeal and he is not injured by the mere rendition of a judgment foreclosing the tax lien on the land in issue since the land was subject to the lien for the taxes even though there had been no assessment whatsoever. Art. 7172, Vernon's Annotated Texas Civil Statute; City of San Antonio v. Terrill, Tex.Civ.App., 202 S.W. 361, syl. 5; Texas Bank & Trust Co. v. Bankers' Life Co., Tex.Civ.App., 43 S.W.2d 631, syl. 1; Leonard v. State, Tex.Civ.App., 242 S.W.2d 199, syl. 1 & 2.

Appellants' motion for rehearing is overruled.