DALLAS CENTRAL APPRAISAL DIS-TRICT and Dallas County Apprais-al Review Board, Appellants,

v.

Billy L. BROWN and Kristi L. Brown, Appellees.

No. 05–99–01127–CV.

Court of Appeals of Texas, Dallas.

June 1, 2000.

---

Jason Clarke Marshall, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas for appellant.

Ronald D. Law, Glast, Phillips & Murray, P.C., Dallas, for appellee.

Before Justices WHITTINGTON, JAMES, and O'NEILL.

## OPINION

TOM JAMES, Justice.

Billy L. and Kristi L. Brown (the taxpayers) filed suit in district court challenging the denial of a property tax homestead exemption for the years 1993 through 1996. The trial court granted summary judgment in favor of the taxpayers and awarded $1000 in attorney's fees against appellants Dallas Central Appraisal District and Dallas County Appraisal Review Board. Appellants assert two points of error. Appellants first contend the trial court erred in granting summary judgment because the taxpayers did not timely apply for a homestead exemption. Appellants further contend the trial court erred in awarding the taxpayers attorney's fees because there is no law authorizing the award of attorney's fees in this instance. We agree the trial court erred in granting summary judgment. We therefore reverse the trial court's judgment and remand this case for further proceedings consistency with this opinion.

The taxpayers purchased a home in Dallas County in 1992. At the time of conveyance, however, the taxpayers did not record their warranty deed. They lived in the house continually through 1998 and paid property taxes. Although otherwise qualified for a property tax homestead exemption, the taxpayers did not file an application for an exemption. The prior homeowner, however, had been granted a homestead exemption, and the taxpayers paid property taxes based on the prior owner's exemption.

In 1997, the Dallas Central Appraisal District learned the taxpayers had not applied for a homestead exemption and canceled the prior owner's exemption. On September 29, 1997, the appraisal district sent notice of the cancellation to the previous owner, who delivered the notice to the taxpayers.

On February 18, 1998, the taxpayers filed an application for a homestead exemption requesting an exemption for the tax years 1993 through 1998. The application was denied for all years except 1997 and 1998, and the taxpayers filed a notice of protest on May 20, 1998, with the Dallas County Appraisal Review Board. On July 6, 1998, the taxpayers recorded their warranty deed. The appraisal review board denied the protest for the years 1993 through 1996, and the taxpayers filed suit in district court. The district court granted summary judgment in favor of the taxpayers and ordered that the taxpayers are entitled to a property tax homestead exemption for the years 1993 through 1996. The trial court further ordered the appraisal district to change its records to reflect the homestead exemption and to advise each of the affected taxing units to: (1) change its tax rolls and records to reflect the exemption; (2) prepare and mail corrected or supplemental tax bills; and (3) refund any excess taxes paid by the taxpayers. The trial court also awarded the taxpayers $1000 for attorney's fees. This appeal followed.

We review a summary judgment de novo. Accordingly, a summary judgment will be upheld only where the movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In deciding whether the summary judgment proof presents a disputed issue

of material fact, we view as true the evidence favorable to the non-movant and indulge every reasonable inference and resolve all doubts in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49.

■■■ The property tax code provides that to receive a homestead exemption, the "person claiming the exemption ... must apply for the exemption." TEX. TAX CODE ANN. § 11.43(a) (Vernon Supp.2000). The property tax homestead exemption is an "evergreen" exemption, that is, once applied for and granted the property owner does not have to reapply for the exemption annually. *See* TEX. TAX CODE ANN. § 11.43(c) (Vernon Supp.2000).[1] The exemption applies to the property until it changes ownership or the taxpayer ceases to qualify. *See id.* A person claiming a property tax exemption must ordinarily file an exemption application form before May 1 of the applicable tax year, or within a sixty-day extension provided by the chief appraiser upon a showing of good cause. TEX. TAX CODE ANN. § 11.43(d) (Vernon 2000). A taxpayer, however, may file a late application for a homestead exemption "not later than one year after the date the taxes on the homestead were paid or became delinquent, whichever is earlier." TEX. TAX CODE ANN. § 11.431(a) (Vernon 1992). Aside from certain exceptions not applicable here, the property tax code provides that a taxpayer may not receive an exemption for a year in which the taxpayer fails to file a timely application. *See* TEX. TAX CODE ANN. § 11.43(e) (Vernon Supp. 2000). An appraisal district has a nondiscretionary duty to remove erroneous exemptions if discovered within five years. *Atascosa County v. Atascosa Appraisal Dist.,* 990 S.W.2d 255, 259 (Tex.1999); *see* TEX. TAX CODE ANN. § 11.43(i) (Vernon Supp.2000).

There is no question that the taxpayers here failed to comply with the statutory scheme for ·claiming a homestead property tax exemption for the years 1993 through 1996. The homestead exemption claimed by the prior property owner terminated on transfer of the property to the taxpayers. Under the property tax code, the taxpayers were required to claim their exemption prior to the expiration of the time period provided by section 11.431. Therefore, the taxpayers are not entitled to a homestead exemption and the chief appraiser was under a duty to reappraise the property for the period of time the taxpayers erroneously benefitted from the prior owner's exemption.

The taxpayers nonetheless insist they are entitled to file a late application for these years pursuant to Attorney General Opinion MW–259.[2] In MW–259, the attorney general concluded:

> A legislatively designated cutoff date for homestead exemption claims under article VIII, section 1–b of the Texas Constitution will not alone operate to deprive a taxpayer of an exemption, but the taxpayer may become estopped to claim the exemption if his delay makes its recognition administratively impracticable.

Op. Tex. Att'y Gen. No. MW–259 (1980). Although the taxpayers conceded in their summary judgment motion that the legis-

---

1. The chief appraiser, however, may require a person allowed an exemption in a prior year to file a new application confirming the taxpayer's current qualification for the exemption. *See* TEX. TAX CODE ANN. § 11.43(c) (Vernon Supp.2000).

2. In their summary judgment motion, the taxpayers cited only Attorney General Opinion MW–259. In their appellate brief, they also rely on Attorney General Opinion MW–146. *See* Op. Tex. Att'y Gen. No. MW–146 (1980). In MW–146, the attorney general concluded:

> Under the new Property Tax Code the county tax assessor may accept a claim for an over–65 homestead exemption which is not filed before April 1 of the year for which the exemption is claimed. The deadline found in section 11.43 of the Property Tax Code may not be applied to deny the homestead tax exemption granted by a county pursuant to article VIII, section 1–b of the Constitution.

*Id.* Our comments concerning MW–259 apply also to MW–146.

lature may develop a framework within which the homestead exemption may be implemented, they contend MW–259 permits an out-of-time request for an exemption unless their own tardiness would impose an undue administrative burden on the appraisal district. Because, the taxpayers contend, no such undue burden is present here,[3] they are entitled to the exemption. We disagree.

■ We first note that while attorney general opinions may be persuasive authority, they are not controlling on either the courts or the legislature. *Birnbaum v. Alliance of Am. Insurers,* 994 S.W.2d 766, 774 (Tex.App.-Austin 1999, pet. denied); *see also Commissioners Court v. Agan,* 940 S.W.2d 77, 82 (Tex.1997). Furthermore, MW–259 was issued October 29, 1980, nearly a year before the legislature added section 11.431 to the tax code to allow applicants an additional year to claim a homestead exemption. *See* Act of Aug. 10, 1981, 67th Leg., 1st C.S., ch. 13, §§ 42, 169, 1981 Tex. Gen. Laws 117, 132, 182–83 (providing for late-filed applications for homestead exemptions up to one year after the date the taxes were paid or became delinquent). MW–259 therefore does not directly address whether the deadline implicitly imposed by section 11.431 is constitutional.[4]

We further observe that the scope of MW–259 was substantially restricted by Attorney General Opinion JM–221. *See* Op. Tex. Att'y Gen. No. JM–221 (1984). In JM–221, the attorney general noted that it had been suggested MW–259 effectively created an "administrative" filing deadline applicable to "a taxpayer's failure to timely apply for a residence homestead exemption during 1980 and 1981, when there were no statutory filing requirements." In JM–221, the attorney general concluded that an exemption applied for under the former opinion would be administratively impracticable if it was "filed as late as December of the tax year in which the benefit is sought."

At least as interpreted by JM–221, the "administrative" filing deadline purportedly created by MW–259 was more restrictive than the statutory deadline established by the legislature in section 11.431. In any case, it is clear MW–259 did not create an indefinite administrative filing deadline for claiming a homestead exemption in derogation of the time limits imposed by the legislature in section 11.431. Section 11.431 appears to have been motivated by the constitutional concerns expressed in MW–259. *See Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal Dist.,* 904 S.W.2d 621, 624 (Tex.1995). The provision reflects a legislative judgment that a period of one year from the date the taxes on the homestead were paid or became delinquent is the maximum administrative burden an appraisal district must accept to accommodate taxpayers who do not timely invoke their right to a property tax homestead exemption. In our view, this section rationally balances the competing interests of the taxpayer's right to a homestead exemption and the common need of all taxpayers to ensure that all property is fairly and properly assessed.

■ The taxpayers raise the additional argument that the appraisal district could not deny the claimed exemption for 1993 through 1996 because the appraisal district failed to comply with section 25.19 of the property tax code requiring the appraisal

---

3. The taxpayers broadly assert that the "the Appraisal District would not have been required to perform one single function or change a single record" if it had allowed the property tax homestead exemption for the years 1993 through 1996. In light of the several obligations imposed on the appraisal district in the trial court's judgment, the taxpayers' position appears questionable. At any

rate, in light of our disposition we need not address the actual burden imposed on the appraisal district in this instance.

4. We note the taxpayers do not directly attack the constitutionality of section 11.431 but rather simply rely on MW–259 to excuse their noncompliance.

district to send certain notice to the property owner "if the ownership of the property changed during the preceding year." Specifically, the property tax code provides:

By May 15 or as soon thereafter as practicable, the chief appraiser shall deliver a written notice to the owner of each property not included in a notice required to be delivered under Subsection (a), if the property was reappraised in the current tax year, *if the ownership of the property changed during the preceding year,* or if the property owner or the agent of a property owner authorized under Section 1.111 makes a written request for the notice.

Tex. Tax Code Ann. § 25.19(g) (Vernon Supp.2000) (emphasis added). The notice is to include:

(1) the appraised value of the property in the preceding year;

(2) the appraised value of the property for the current year and the kind of each partial exemption, if any, approved for the current year;

(3) a detailed explanation of the time and procedure for protesting the value; and

(4) the date and place the appraisal review board will begin hearing protests.

*Id.*

The taxpayers' construction of the property tax code would bar an appraisal district from removing an erroneous exemption as long as the current property owners were successful in hiding the most recent conveyance of the property. This is an unreasonable construction. The appraisal district can only be held to the requirement of section 25.19(g) if it has been put on notice of the transfer. Where, as here, the taxpayers failed to

record a warranty deed reflecting conveyance of the property, and the record otherwise fails to disclose the appraisal district was on notice of the transfer,[5] the appraisal district cannot be faulted for any failure to comply with section 25.19(g). Moreover, it is undisputed the appraisal district promptly provided notice of its decision to cancel the homestead exemption claimed by the prior owner. The taxpayers fail to cite any authority holding that an appraisal district must comply with the additional notice requirement contained in section 25.19(g) before complying with its non-discretionary duty to remove erroneous exemptions discovered within the prior five years. We therefore conclude that any failure of the appraisal district in this case to comply with section 25.19(g) does not preclude it from denying the taxpayers' claim to a homestead exemption for the years 1993 through 1996.

For the reasons set forth above, we sustain appellants' first point of error. Because we conclude the trial court erroneously granted summary judgment for the taxpayers, it follows that the attorney's fees awarded in the judgment cannot stand. Therefore, we sustain appellants' second point of error without commenting further on the parties' arguments concerning attorney's fees.

We reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.[6]

---

**5.** Although the taxpayers have asserted the appraisal district could have discovered the transfer of the property from deeds of trust which allegedly were filed of record, the record does not disclose that any deeds of trust were in fact recorded. Accordingly, we do not consider this argument.

**6.** Although appellants filed a cross-motion for summary judgment, there is no indication in the record that the trial court considered the cross-motion, and appellants request only that we remand the case. Accordingly, we do not render judgment for appellants but only remand to the trial court for further proceed-

ings. *See Pine v. Salzer*, 824 S.W.2d 779, 780 (Tex.App.-Houston [1st Dist.] 1992, no writ).